JAMES S. GRAHAM and Others, Respondents, v. JAMES B. FISHER and Others, Appellants, and J. S. GRAHAM-FISHER HOLDING CORPORATION, Defendant.— Judgment setting aside a conveyance, a contract, an agreement and a mortgage, and granting other relief, reversed on the law and the facts, with costs, and the complaint dismissed, with costs. The acts of which the plaintiffs complain were those of defendant James B. Fisher. Neither fraud nor duress was established. The parties were in legal effect dealing at arm's length. The plaintiff James S. Graham was in grave financial difficulties which, unaided, he was unable to solve. He voluntarily invited the assistance of Fisher, who was, as he knew, an experienced man with executive capacity and possessed of financial credit. His problem was to salvage a portion of the property of Graham, who was practically bankrupt. This duty he performed, although his methods of dealing with the Grahams may seem somewhat harsh. In the end Graham was relieved from the burden of his indebtedness and he and his family profited to a certain material extent by the results of Fisher's plan, activities and management. Certain findings of fact inconsistent with this decision are reversed and other findings as requested by the defendants will be made. Young, Kapper, Carswell and Scudder, JJ., concur; Davis, J., dissents and votes for modification in the following memorandum: I agree that proof of actual fraud is lacking; but there was sufficient proof of overreaching, and a species of duress to warrant the principal findings of fact made by the learned trial justice. Many witnesses were called and a large number of exhibits were received which must be interpreted in the light of the oral testimony. The trial justice saw and heard these witnesses and said in his opinion: " I find the disputed facts to be overwhelmingly established in favor of the plaintiffs and against the defendants." Therefore, I attach great weight to the conclusions reached by the justice who presided at the trial. There was a family relation between the Grahams and the Fishers. In addition, before the transfers of property were made Fisher was appointed the agent of Graham in the management of the property. While acting in this capacity and when Graham was ill and in great financial distress, Fisher caused to be prepared and presented to Graham a will in which the former was made executor. Fisher took advantage of the situation to compel conveyance of Graham's property to corporations created, organized and controlled by Fisher. At first his demands were somewhat moderate and contemplated turning over to Graham $300,000 in preferred stock of one of these corporations, but as time went on his demands became more extortionate until at last Graham was practically divested of all of his property. On these facts I base my conclusion that there was overreaching and a measure of duress brought about by Graham's necessities and threats on the part of Fisher to retire from the management of the property, then in a complicated state, unless his demands were fully met. The so-called contract of ratification dated June 16, 1931, confirms my views. There is no doubt that large expenditures were made in improving the property to the extent of about $117,000. It is not clear whether some considerable portion thereof came from income or profits arising from the property. There is an apparently valid mortgage on the premises now held by the defendant Vicella A. Fisher, but whether that was involved in the transaction resulting in Fisher's acquisition of the property or tainted by it cannot be fully determined on this record.

If in fact Fisher did advance these sums for the improvement of the property and the mortgage is valid, then it would be inequitable to turn back the improved property to Graham without a fair restitution to Fisher for the advancements he made, particularly where we find no actual fraud; and without a recognition of the validity of the mortgage. Therefore, I favor modification of the judgment and the remitting of the case to Special Term to determine the amounts reasonably expended by Fisher for improvements and the amount of compensation which should be made or allowed thereon, either to be paid or to become a lien on the property; and for determination as to the validity of the Vicella A. Fisher mortgage. (See *United Paperboard Co.* v. *Iroquois Pulp & Paper Co.*, 216 App. Div. 639, 647; 217 id. 253; affd., 249 N. Y. 588.) Settle findings on notice.