JAMES S. GRAHAM and Others, Respondents, v. JAMES B. FISHER and Others, Appellants, and J. S. GRAHAM-FISHER HOLDING CORPORATION, Defendant.— On reargument, judgment modified as hereinafter provided, and as so modified affirmed, without costs. While proof of actual fraud seems lacking, nevertheless, in light of the relationship of the parties and of the conditions disclosed, we are of opinion that there was sufficient proof of overreaching to establish duress on the part of defendant Fisher. It appears that Fisher has expended large sums in the management and improvement of the Graham properties. The source of the moneys so expended, whether derived from income or from profits flowing from the Graham properties, or whether made available from other sources by Fisher, is not made clear in the record. There is what seems to be a valid mortgage in the sum of $60,000, covering certain properties on Clinton and Fulton streets, Brooklyn, which mortgage is held by Vicella A. Fisher. Whether this mortgage is " tainted," or whether there is due thereon the amount of its face, cannot be determined on this record. The Graham properties should not be turned back without a fair restitution to defendant Fisher of all advances made by him and financial obligations incurred in the management of the properties and without due recognition of the validity of the $60,000 mortgage to the extent of what is found due thereon, if such mortgage be found valid. Matter remitted to Special Term to take and state the account between the parties to determine the amount reasonably expended by Fisher in connection with his management of the Graham properties and unpaid, and to determine the validity and the amount due on the mortgage aforesaid. After such determination, there should be directions made at the foot of the judgment (1) for restitution to defendant Fisher for amount, if any, found due to him, which shall be a lien on the premises involved herein until paid, such payment to be made within thirty days; (2) appropriately stating the validity of the said mortgage, if it be determined that it is valid. Findings and conclusions inconsistent herewith are reversed, and new findings and conclusions will be made. Scudder and Davis, JJ., concur; Lazansky, P. J., concurs in result. In view of the relations of the parties and the state of the finances of Graham, there was overreaching in law on the part of Fisher, culminating in the one-sided agreement of June 26, 1931. Young and

Carswell, JJ., dissent and vote to reverse and to dismiss the complaint for the reasons stated in the original decision of December 31, 1934. [243 App. Div. 570.] Settle order on notice.